FILED
CLERK
2:15 pm, Oct 13, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
REVEREND JUAN-JOSE BROOKINS,
*Trust Protector for The Claudio Bulent Akpinar Figuccio Trust*

        Plaintiff,

    - against -

PATRICIA FIGUCCIO, MARC J. IALENTI,
ALYSE AKPINAR, JOHN GEMELLI,
GEMELLI GROSS SHAPIRO & MARINO,
DR. BILL AKPINAR,

        Defendants.
--------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

Civil Action
No. 22-0891 (GRB)(ST)

**GARY R. BROWN, United States District Judge**:

  This case mirrors a related action brought by the same plaintiff against the same defendants wherein this Court dismissed the plaintiff's complaint without prejudice. *See Bookins v. Figuccio*, No. 23-CV-4429 (GRB)(ST), Docket Entry ("DE") 12 (E.D.N.Y. Sept. 29, 2023) (the "Related Case").[1] Unsurprisingly, this action faces a similar fate.

  On July 11, 2023, the Court provided the plaintiff with notice and an opportunity to be heard concerning several deficiencies in plaintiff's complaint and ongoing representation. Specifically, the Court ordered plaintiff to (1) state the basis upon which plaintiff, as a trustee of a purported trust, may proceed in this matter without the assistance of counsel; (2) provide a sworn statement as to the state in which he maintains his domicile; (3) state whether plaintiff brought an action entitled *Bey v. Bakota*, No. 3:19-CV-1090 (JAM), 2023 WL 197024 (D. Conn. 2023); and (4) state whether plaintiff made various filings in *In re Henry*, No. 22-22517 (COM), 2023 WL

---

[1] While the two cases appear to be substantially similar in many aspects, the plaintiff uses a different name in each case—apparently a common trend with the plaintiff since the late '90s.  *See, e.g.*, *Bookins v. Figuccio*, 23-CV-4229; *Yashua Amen Shekhem El Bey v. City o/New York*, 419 F. Supp. 2d 546, 547 (S.D.N.Y. 2006); *Jawan Aki/ Bey v. Corr. Officer's Benevolent Ass'n, Inc. of the City of N. Y.*, 98--CV-1353 (NRB)(HBP) (S.D.N.Y. 1998).

3640989 (Bankr. S.D.N.Y. 2023).  As this inquiry was also filed in the Related Case, to which the plaintiff submitted an identical response, the following analysis largely mirrors that in the memorandum and order issued there.

While the Court will excuse the tardiness of plaintiff's "response," his failure to comply with an Order of the Court warrants admonishment.  Plaintiff's response that he "personally does not see the relevance" of the Court's inquiries and that he "respectfully decline[s] responding to these inquiries" is wholly improper.[2]  Notwithstanding that plaintiff is proceeding *pro se,* he is not entitled to disregard orders of the Court that he deems irrelevant.  *See Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) ("[W]hile *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including [those proceeding] *pro se[]*, have an obligation to comply with [this] [C]ourt['s] orders.") (alterations in original).

In any event, plaintiff has failed to put forth any authority establishing his ability to proceed *pro se* as trustee on behalf of a purported trust in response to the Court's inquiry.  *Guest v. Hansen,* 603 F.3d 15, 20 (2d Cir. 2010) ("[W]e consider whether all parties before the court are properly represented even in cases where the parties themselves do not raise the issue.").  In his response, plaintiff states "[he] is not proceeding in this action for himself on his own behalf."  DE 21-1 at 2.  Of course, this is the very reason the case cannot proceed in its current form, and plaintiff's confusion underscores the requirement that entities must be represented by qualified counsel.[3]

---

[2] Based upon plaintiff's non-response to these inquiries, the Court will assume that he did, in fact, make these filings and bring said action.

[3] There is a strong policy rationale behind this requirement.  As the Second Circuit has stated,

> [T]he conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, *e.g.,* to avoid litigating unfounded or vexatious claims.

*Jones v. Niagara Frontier Transp. Auth.,* 722 F.2d 20, 22 (2d Cir. 1983).

Though Rule 17 allows a trustee to *sue* in his own name, it does not allow him to *represent* the interests of the trust as a non-attorney. *Randy Laquawn Williams Tr. v. Fitzpatrick*, No. 5:18-CV-00139 (LEK) (TWD), 2018 WL 3121610, at *1 (N.D.N.Y. Mar. 30, 2018), *report and recommendation adopted sub nom. Tr. v. Fitzpatrick*, No. 18-CV-0139 (LEK) (TWD), 2018 WL 1891308 (N.D.N.Y. Apr. 19, 2018) ("The Court further explained that even had the action been commenced by Williams, as trustee of the Trust, the law would not allow him to represent the Trust, because as a non-lawyer Williams can only represent himself. Therefore, even if Williams were himself to sue as trustee on behalf of the Trust, he would be required to be represented by counsel.") (citation omitted); *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) ("[28 U.S.C. § 1654] does not permit unlicensed laymen to represent anyone else other than themselves.").

Moreover, this action, premised solely on state law claims, does not appear to meet the jurisdictional requirements of this Court. Diversity jurisdiction exists over suits between citizens of different states where the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1). It is unclear whether diversity of parties exists here. The trust, described as a "private Ecclesiastic Indigenous Foreign Express Trust," appears to be a common law trust. As such, the trust takes the citizenship of its trustees. *See FD Special Opportunities V, LLC v. Silver Arch Cap. Partners, LLC*, No. 21-CV-0797 (JLR)(OTW), 2022 WL 16837967, at *1 (S.D.N.Y. Nov. 9, 2022). Plaintiff's refusal to state unequivocally his permanent domicile renders the assessment of the propriety of exercising jurisdiction over this matter impossible. *See Palazzo ex rel. Delmage v. Corio,* 232 F.3d 38, 42 (2d Cir. 2000) ("At any given time, a person has but one domicile."). Further, plaintiff does not allege that he is the sole trustee, stating only that he is "*a* Trustee." *See* DE 21-1 at 3 (emphasis added). Additionally, there are no allegations as to whether there are additional trustees and, if so, where they are domiciled. As such, should plaintiff through licensed

3

counsel opt to file an amended complaint remedying the deficiencies noted above, he is directed to provide to the *full address* listed on his most recent federal income tax return with supporting documentation corroborating such representation *and* the names and domiciles of any additional trustees.

Based on the foregoing, plaintiff's complaint is hereby dismissed without prejudice to refiling by a licensed attorney within 21 days of the date of this Order. Any further filing must include a precise statement of plaintiffs actual, singular domicile and the names and domiciles of any other trustees.[4] The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated: Central Islip, New York
       October 13, 2023

/s Gary R. Brown
GARY R. BROWN
UNITED STATES DISTRICT JUDGE

---

[4] Where a party receives mail is wholly immaterial to establishing domicile for purposes of diversity jurisdiction. "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[,] in other words the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Patel v. Singh*, No. 21-CV-00759 (HG)(LGD), 2023 WL 2262792, at *2 (E.D.N.Y. Feb. 28, 2023) (*quoting Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019)).