UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
REVEREND JUAN JOSE BROOKINS, Trust Protector
for the Claudio Bulent Akpinar Figuccio Trust and
Interpleader pursuant to 28 U.S.C. § 1335,

                                        Plaintiff,

                    -against-

PATRICIA FIGUCCIO, MARC IALENTI, ESQ., PETER L.
BLODNICK, ESQ., and REVEREND DR. BILL AKPINAR,

                                        Defendants.
-------------------------------------------------------------------X
REVEREND JUAN JOSE BROOKINS, Trust Protector
for the Claudio Bulent Akpinar Figuccio Trust, Standing In
Propria Persona Sui Juris, Pursuant to FRCP Rule 17(E),

                                        Plaintiff,

                    -against-                                    23-CV-4429(GRB)(ST)

PATRICIA FIGUCCIO, MARC J. IALENTI, ESQ.,
AYSE AKPINAR, JOHN A. GEMELLI, ESQ.,
GEMELLI, SHAPIRO GROSS & MARINO LAW FIRM,
and REVEREND DR. BILL AKPINAR,

                                        Defendants.
-------------------------------------------------------------------X

**FILED**
**CLERK**

1:27 pm, Jan 23, 2024

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
22-CV-00891(GRB)(ST)

**GARY R. BROWN, United States District Judge:**

Reverend Juan Jose Brookins ("Plaintiff") filed two substantially similar fee-paid

complaints in this Court against largely the same defendants. *See* Docket Entry ("DE") 1 in each

above-captioned case.  To assist the Court with its evaluation of each case, including this Court's

subject matter jurisdiction, Plaintiff was ordered to provide written responses to four questions in

each case.  *See* July 11, 2023 Order to Show Cause.  On July 31, 2023, Plaintiff filed a response

in each case.  *See* DE 21 in 22-CV-00891 (the "First Case") and DE 11 in 23-CV-4429 (the

"Second Case").  Upon review of Plaintiff's responses, the Court dismissed the complaints

1

without prejudice to refiling by a licensed attorney within 21 days of the date of each Order. *See* DE 22 in the First Case and DE 12 in the Second Case. The Orders were mailed to Plaintiff at his address of record, and, on October 19, 2023, Plaintiff requested a 60-day extension of time to comply with the Orders in each case. *See* DE 23 in the First Case and DE 13 in the Second Case. By Electronic Order dated October 25, 2023, the Court granted Plaintiff's requests and extended the deadline for compliance in both cases through December 20, 2023. *See* Elec. Order, dated October 25, 2023, in each case.

On December 20, 2023, Plaintiff failed to refile his complaint with the assistant of counsel in violation of this Court's previous Orders. Rather, on that date, Plaintiff filed an objection to the Order together with a motion to disqualify the undersigned from presiding in the First Case. *See* DE 25-26. Defendants opposed those filings (DE 24, 27) and Plaintiff filed a reply. DE 28. Plaintiff did not make any further filings in Second Case. For the reasons that follow, the disqualification motion is denied, the objections are overruled, and the Clerk of the Court shall enter judgment in accordance with the Orders, DE 22 in the First Case and DE 12 in the Second Case.

As is readily apparent from Plaintiff's disqualification motion, Plaintiff disagrees with the undersigned's rulings and asserts bias with no factual support. For example, Plaintiff contends: "Every ruling that Judge Brown has made thus far is not congruent to the appropriate modes of law that are applicable to be asserted upon the auspices and authority of indigenous Tribal nations." (DE 26-1 at 9.) This is not a proper basis for disqualification. As the Second Circuit has recently reaffirmed:

> The district court's decisions to decide the recusal motion and to deny the recusal motion were not only proper but required. *LoCascio v. United States*, 473 F.3d 493, 498 (2d Cir. 2007) (*per curiam*) ("[A] judge has an affirmative duty to inquire into the legal sufficiency of [an affidavit of prejudice] and not to

disqualify himself unnecessarily"); *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001) ("[W]here the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited."). *Irazu's* argument that the district court and magistrate judge were biased against him fails because his argument is based on his disagreement with the judges' decisions, which is not grounds for a bias claim. *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.")).

*Irazu v. Sainz De Aja*, No. 23-702-CV, 2023 WL 8447256, at *3 (2d Cir. Dec. 6, 2023)

(summary order); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings

alone almost never constitute a valid basis for a bias or partiality motion."); *see also Gallop v.

Cheney*, 645 F.3d 519, 520 (2d Cir. 2011) ("Prior rulings are, ordinarily, not a basis for

disqualification.").  Thus, the motion to disqualify the undersigned (DE 26) is denied.

Similarly, Plaintiff's objection to the Order faces a similar fate.  In light of Plaintiff's *pro

se* status and the liberal construction afforded such submissions, the Court construes his

objection as motion for reconsideration.  *See, e.g.*, *Robinson, et al.*, *v. New York City Dep't of

Educ.*, No. 20-CV-3388(RRM)(RML), 2023 WL 9001785, at *11 (E.D.N.Y. Dec. 28, 2023)

("[B]ecause plaintiffs are proceeding *pro se* and because courts are required to construe *pro se*

submissions 'liberally and interpret them to raise the strongest arguments that they suggest,'

*Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006), the Court will construe Plaintiffs'

Affirmation as seeking reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil

Procedure.").

Because judgment has not been entered in this case, Plaintiff's reconsideration motion is

properly brought pursuant to Federal Rule of Civil Procedure 60(b) and/or Local Civil Rule 6.3

rather than Federal Rule of Civil Procedure 59(e).  Federal Rule of Civil Procedure 60(b) permits

a party to relief from a district court's order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).  "'The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Preble-Rish Haiti, S.A. v. Republic of Haiti*, No. 21-CV-4960 (PKC), 2023 WL 4210057, at *1 (S.D.N.Y. June 27, 2023) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); s*ee also McGraw-Hill Global Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 398 (S.D.N.Y. 2018) (A party's "disagreement" with the Court's "explication of the relevant legal standards and application of the standards to the facts of [the] case" does not justify the filing of a motion for reconsideration.").  Rule 60(b) motions for reconsideration "allow[ ] extraordinary judicial relief" and thus should be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).  The decision to grant or deny a motion for reconsideration is within the district court's discretion. *Bailey v. Interbay Funding, LLC*, No. 21-146, 2022 WL 852851, at *2 (2d Cir. Mar. 23, 2022).

Upon careful review of Plaintiff's objection, the Court finds that it does not include a proper basis for reconsideration.  Plaintiff's assertion that he was denied due process is a nonstarter given that the challenged Order gave him an opportunity to be heard and put him on notice of the consequence of noncompliance. (*See* DE 22.)  Indeed, the Court made clear that, "[n]otwithstanding that plaintiff is proceeding *pro se*, he is not entitled to disregard orders of the Court that he deems irrelevant." (*Id.* at 2 (citing *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir.

4

2022) ("[W]hile *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including [those proceeding] *pro se*[], have an obligation to comply with [this] [C]ourt['s] orders.") (alterations in original)).  Nor has Plaintiff identified any change in applicable law, new evidence not yet presented to the Court, clear error or manifest injustice, or other compelling reason why reconsideration is warranted.  Even under a liberal interpretation of his brief motion and reply, Plaintiff has failed to demonstrate that any of the grounds listed in Rule 60(b) apply.  To be clear, Plaintiff has not alleged any facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) apply or that extraordinary circumstances exist to warrant relief under 60(b)(6).  Similarly, Plaintiff has not "set[] forth concisely the matters or controlling decisions which [][he] believes the Court has overlooked." Local Civil Rule 6.3.

Thus, the Court adheres to its decision and, in light of plaintiff's continued failure to comply with Court order and refile his complaints through a licensed attorney, the cases are hereby dismissed without prejudice to refile by and through competent counsel.  The Clerk of the Court shall enter judgment accordingly and close these cases.  The Clerk of the Court shall also mail a copy of this Order to Plaintiff at his address of record and note service on the dockets. Although Plaintiff paid the filing fee to commence these actions, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

/s/ Gary R. Brown
**Hon. Gary R. Brown**
**United States District Judge**

Dated: January 23, 2024
        Central Islip, New York

5